Filed 10/24/23  Martinez v. C & S Wholesale Grocers CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ARMANDO MARTINEZ et al., | |
| Plaintiffs and Appellants, | E078077 |
| v. | (Super.Ct.No. CIVDS1918155) |
| C & S WHOLESALE GROCERS, INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Bryan Foster, Judge.  Dismissed.

Law Offices of Otto L. Haselhoff and Otto L. Haselhoff for Plaintiffs and Appellants.

Bordin Semmer, Joshua D. Bordin-Wosk and Christopher M. Blanchard for Defendants and Respondents.

1

# I. INTRODUCTION

Plaintiffs and appellants Armando Martinez, Maria Martinez, and Jose Juan Martinez filed a civil complaint for personal injuries arising out of a motor vehicle accident. Plaintiffs alleged the vehicle they were traveling in was struck from behind by a semi-trailer truck (semi-truck) hauling a loaded trailer. They claimed the driver of the truck was negligent but also named numerous other defendants who were involved in the hiring of the driver, the sale or purchase of the goods being transported in the trailer the truck was hauling, and the coordination of the shipment. Plaintiffs also alleged that Elizabeth Martinez died as a result of the accident and sought recovery for wrongful death, negligent infliction of emotional distress, and a survival cause of action on her behalf.

The trial court granted motions for summary judgment in favor of defendants C&S Wholesale Grocers, Inc. (C&S) and LD Logistics, LLC (LD Logistics), concluding the undisputed evidence showed that neither defendant was vicariously liable for the acts or omissions of the truck driver. Plaintiffs appeal from the judgments, arguing that the evidence they produced in opposition to summary judgment was sufficient to create a triable issue of material fact precluding summary judgment. However, following the issuance of our tentative opinion and the parties' request for oral argument in response, plaintiffs unilaterally filed a request for dismissal of their appeal. As a result, we exercise our discretion to dismiss the appeal.

## II. FACTS AND PROCEDURAL HISTORY

### A. *Operative Complaint*

According to the operative complaint, on November 18, 2016, plaintiffs were involved in a motor vehicle accident while traveling together on the highway. Their vehicle was struck by a semi-truck being driven by Maan Parampareet Singh (Maan). The truck was hauling a trailer carrying products on behalf of various other named defendants. As against C&S and LD Logistics,[1] plaintiffs purported to state a cause of action for negligence. Plaintiffs also asserted claims for wrongful death, negligent infliction of emotional distress, and a survival cause of action arising out of the death of Elizabeth Martinez as a result of the accident.

### B. *Motion For Summary Judgment*

C&S and LD Logistics moved for summary judgment on the operative complaint on the basis that the undisputed evidence showed they owed no duty to plaintiffs. On summary judgment, the parties did not dispute the following basic facts: (1) Plaintiffs' alleged injuries arose from a motor vehicle accident in which their vehicle was struck by a truck; (2) the truck was being operated by Maan, leased by STS Transport, and owned by RRR Transport at the time of the accident; (3) C&S hired LD Logistics to arrange for

---

[1] Plaintiffs named numerous other defendants as joint tortfeasors including Maan; RRR Transport, Inc. (RRR Transport); Sukhmani Transportation Services (STS Transport); MB Logistics, Inc. (MB); and multiple suppliers who furnished the products being transported in the trailer. In addition, plaintiffs asserted causes of action based on product liability theories against the owners, lessors, and manufacturers of the truck, as well as the manufacturer of plaintiffs' vehicle. However, only C&S and LD Logistics are respondents in this appeal.

transportation of purchased produce to C&S warehouses; (4) LD Logistics hired MB to transport the produce; (5) C&S and LD Logistics did not know that STS or Maan would actually perform the work; and (6) C&S and LD Logistics were not directly involved in the selection of STS or Maan to perform the work.

1. Moving Parties' Evidence

In addition to the undisputed facts, both C&S and LD Logistics produced a declaration from the vice president of perishable procurement for C&S.[2] He explained that C&S is a wholesale grocery supply company that supplies retailers with perishable produce. One method used to procure this produce involves placing orders directly with growers and then requesting the services of a third-party logistics company to arrange for the shipment of the produce to one of C&S's warehouses. C&S followed this practice in this case and hired LD Logistics to arrange for the shipment of purchased produce from several growers in California to be delivered to C&S warehouses in Louisiana. C&S provided information identifying the place, date, and time for pickup, as well as a date range for delivery. C&S did not own, lease, or operate the truck involved in the accident; was not involved in the selection of a trucking company to handle the shipment; and had no direct communication with either the operator or the driver of the truck. C&S submitted excerpts from the deposition testimony of this same declarant confirming many of these same facts.

---

[2] While C&S and LD Logistics separately moved for summary judgment, they submitted a substantively identical declaration from C&S's vice president of perishable procurement.

4

C&S and LD Logistics also produced a declaration from the president of LD Logistics.[3] He explained that LD Logistics's business involves coordinating shipments for the transportation of goods between clients and independent carriers. It is registered as a freight broker with the United States Department of Transportation. LD Logistics is not licensed as a motor carrier, does not own any vehicles for the purpose of transporting goods, does not directly transport goods on its own, does not provide a schedule for hired carriers to follow, does not direct the routes a carrier must take, and does not reimburse carriers for any resources necessary to complete a shipment.

The president of LD Logistics also explained that LD Logistics uses the same form contract when contracting with all of the motor carriers with whom it does business. This contract characterizes the motor carrier as an independent contractor, requires a motor carrier to have its own registration and operating authority, requires the motor carrier to be responsible for its own employees and any equipment necessary to complete a shipment, and prohibits the motor carrier from subcontracting the work to any other party. In this case, LD Logistics contracted with MB as the motor carrier to complete the shipment. LD Logistics has no record of being informed that MB subsequently hired another party to complete the work. Instead, MB submitted an invoice upon completion of the shipment and LD Logistics paid MB upon completion of the shipment. LD

---

[3] Like the declaration of the vice president of perishable procurement for C&S, C&S and LD Logistics submitted substantively identical declarations from this declarant in support of each of their motions for summary judgment.

5

Logistics submitted excerpts from the deposition testimony of this same declarant confirming many of the same facts set forth in this declaration.

Finally, C&S and LD Logistics produced the following additional evidence: (1) the declaration of the president of RRR Transport admitting that RRR Transport owned the truck involved in the accident and that RRR Transport had leased the truck to STS Transport at the time of the accident; (2) verified discovery responses by Maan identifying STS Transport as his employer; and (3) verified discovery responses from STS Transport identifying itself as a motor carrier and admitting it was Maan's employer at the time of the accident.

2. Relevant Evidence in Opposition to Summary Judgment[4]

In opposition to summary judgment, plaintiffs produced LD Logistics's discovery responses that showed an inconsistent response regarding whether it was licensed by any

---

[4] In response to each motion for summary judgment, plaintiffs filed an opposition separate statement consisting of hundreds of pages; introduced more than 100 "additional material facts"; and introduced a compendium of exhibits consisting of 47 exhibits. Following a continuance to conduct further discovery, plaintiffs submitted a supplemental separate statement introducing approximately 200 "additional material facts"; two expert declarations; and 13 additional evidentiary exhibits. Further, plaintiffs' experts each attached 18 separate exhibits to their declarations. However, the vast majority of these exhibits and purported additional disputed facts are never specifically referenced in support of any of the arguments plaintiffs now assert on appeal. " 'Although our review of a summary judgment is de novo, it is limited to issues which have been adequately raised and supported in [an appellant's] brief.' " (*Schmidt v. Bank of America*, *N.A.* (2014) 223 Cal.App.4th 1489, 1511; *Orange County Water Dist. V. Sabic Innovative Plastics US*, *LLC* (2017) 14 Cal.App.5th 343, 368.) "It is not the duty of a reviewing court to search the record for evidence on a point raised by a party whose brief makes no reference to the specific pages where the evidence can be found" (*Levin v. Ligon* (2006) 140 Cal.App.4th 1456, 1486), and we do not " 'cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues.' "

*[footnote continued on next page]*

governmental entity. Specifically, LD Logistics initially responded to form interrogatories propounded by plaintiffs indicating it was not licensed by any governmental entity, but it later responded to form interrogatories propounded by a codefendant indicating it was licensed as a broker by the United States Department of Transportation.

Plaintiffs also produced the written agreement between C&S and LD Logistics (Transportation Agreement). Plaintiffs highlighted language in this document that (1) failed to specifically identify LD Logistics as a "carrier" or "broker"; (2) provided that LD Logistics had the option to act as a carrier itself if not utilizing the services of another carrier; (3) required LD Logistics to procure insurance and indemnify C&S; (4) suggested that C&S had the option to provide equipment for purposes of loading or unloading a shipment; (5) provided that LD Logistics was required to give updates on the routing, scheduling, or tracking of any shipment; and (6) provided guidance regarding the contents, size, weight, and temperature of trailers used to transport C&S's perishable produce.

Plaintiffs also produced a document entitled "Carrier Confirmation" (carrier confirmation), bearing LD Logistics's letterhead and indicating it had been transmitted from LD Logistics to "MB Logistics." The carrier confirmation listed the location and dates for pickup of various produce, listed the locations of the C&S warehouses where

---

(*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 230.) Thus, we limit our summary to the items of evidence specifically identified and relied upon in the argument sections of plaintiffs' appellate briefs.

7

the produce was to be delivered, and indicated payment consisted of a single "flat rate" payment for the entire job. The document also included instructions providing that: (1) the vehicle had a minimum gross weight; (2) the transport required use of a refrigerated trailer; (3) the driver inspected the product and should report any suspected damage at the time it is picked up; (4) the driver was required to check and ensure the refrigerated trailer unit maintained proper temperatures while in transport; (5) the driver checked in and reported progress towards the destination on a daily basis; (6) the driver reported any significant delays encountered during transport; and (7) the carrier would face potential penalties for late pickups or damage to the produce. Plaintiffs' introduced deposition testimony that confirmed this document was transmitted from LD Logistics to MB but that MB then transmitted the same document to STS, who provided it to Maan.

Finally, in a supplemental opposition, plaintiffs submitted two expert declarations. Both experts offered opinions that MB and Maan should be considered employees of LD Logistics under the applicable federal regulations. Both experts also expressed the opinion that data from the Department of Transportation and the Federal Motor Carrier Safety Administration suggested that MB and STS received low safety scores compared to the national average for motor carriers, rendering it negligent to hire them.

C. *Ruling and Judgment*

On August 11, 2021, the trial court held a hearing on both motions for summary judgment. The trial court declined to give a tentative or indicated ruling, permitted the parties to address whatever points they deemed necessary, and took the matters under submission. On August 13, 2021, the trial court issued written rulings granting both

8

motions for summary judgment.  The trial court indicated that no facts were disputed and cited only to evidence presented by C&S and LD Logistics in support of this conclusion. Judgment was entered in favor of defendants on October 6, 2021.  Plaintiffs appeal from the judgment.

## III.  DISCUSSION

Following completion of briefing, the issuance of an extensive tentative opinion, and a request for oral argument in response to our tentative opinion, plaintiffs filed a request for dismissal of the appeal.  We note that once the record on appeal has been filed, dismissal of an appeal at the request of a party is discretionary, and a party is not entitled to dismissal as a matter of right.  (*Jackpot Harvesting*, *Inc. v. Applied Underwriters*, *Inc.* (2019) 33 Cal.App.5th 719, 728, fn. 10; Cal. Rules of Court, rule 8.244(c).)  We exercise our discretion to do so in this case and order the appeal dismissed.

## IV.  DISPOSITION

The appeal is dismissed.  Respondents to recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
Acting P. J.

We concur:

RAPHAEL
J.

MENETREZ
J.